UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRUCE ADAMS, ET AL.**                          **CIVIL ACTION**

**VERSUS**                                        **NO:**      **13-6779 c/w 14-1367**

**THE CITY OF NEW ORLEANS**                   **SECTION: "F" (4)**

### ORDER

Before the Court is a **Motion to Fix Attorney's Fees (R. Doc. 21)** filed by Bruce Adams, Raymond Burkart, Jr., William Ceravolo, Michael Glasser, Bruce Little and Frederick Morton (collectively, "Plaintiffs") in compliance with the Court's Order (R. Doc. 20), which granted Plaintiffs' Motion to Compel (R. Doc. 18) and Plaintiffs' request for Federal Rule of Civil Procedure ("Rule") 37 attorney's fees and costs. The instant motion is opposed (R. Doc. 22). The motion was heard on the briefs on July 1, 2015.

**I.**      **Background**

Plaintiffs filed the instant lawsuit against the City of New Orleans in the Eastern District of Louisiana under the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq*, pursuant to 29 U.S.C. § 626 and the Court's federal question jurisdiction under 28 U.S.C. 1331. R. Doc. 1, p. 1. Plaintiffs are all members of the New Orleans Police Department ("NOPD") and their ages range between forty-two to sixty-two years old. *Id.* at 2-3. Plaintiffs allege that they were discriminated against when Superintendent Ronal W. Serpas ("Serpas") created the position of Police Commander for NOPD and failed to promote any of the Plaintiffs herein. *Id.* at 3. They further allege that numerous younger members of the NOPD who enjoyed lower ranking Civil Service positions were promoted to these positions. *Id.* at 4.

Plaintiffs contend that they were transferred to the Field Operations Bureau-Administrative Support Unit where they were "stripped" of their authority and responsibility under the Civil Service job descriptions for Police Major and Captains, which were the Plaintiffs' NOPD ranks. *Id.* at 4. According to Plaintiffs, this has precluded them from receiving command pay under the Civil Service rules. *Id.* They additionally allege a hostile work environment. *Id.* Plaintiffs seek recovery for damages suffered in the form of past and future lost wages, past and future impairment of earnings capacity, damage to reputation, and mental and emotional pain and suffering. *Id.* at 5.

As to the instant motion, Plaintiffs seek to recover attorney's fees and costs incurred from filing their motion to compel discovery of the City of New Orleans on May 19, 2015 (R. Doc. 18). In the motion to compel, Plaintiffs argued that the City of New Orleans failed to produce certain documents in its initial disclosures and failed to respond to Plaintiffs' subsequent First Set of Request for Production of Documents and First Set of Interrogatories. R. Doc. 18-2, p. 1-2. The City of New Orleans failed to respond to Plaintiffs' motion. On July 3, 2015, this Court granted the unopposed motion to compel, and ordered Plaintiffs to submit a motion to fix attorney's fees. R. Doc. 20, p. 1-2.

In compliance with this Court's Order, Plaintiffs filed the instant motion to fix attorney's fees on July 16, 2015, seeking to recover for 4.05 hours, at a rate of $350 per hour, associated with the filing of the underlying motion to compel and the instant motion to fix attorney's fees, providing the Court with an affidavit of their attorney, Brett J. Prendergast (R. Doc. 21-2).

**II.   Standard of Review**

The Supreme Court has indicated that the "lodestar" calculation is the "most useful starting point" for determining the award of attorney's fees. *Hensley v. Eckerhart*, 461 U.S. 424,

433 (1983).  The lodestar equals "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  *Id*.  The lodestar is presumed to yield a reasonable fee. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).  After determining the lodestar, the Court must then consider the applicability and weight of the twelve factors set forth in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]  The Court can make upward or downward adjustments to the lodestar figure if the *Johnson* factors warrant such modifications.  *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993).  However, the lodestar should be modified only in exceptional cases.  *Id.* (citing *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992)).

After the calculation of the lodestar, the burden then shifts to the party opposing the fee to contest the reasonableness of the hourly rate requested or the reasonableness of the hours expended "by affidavit or brief with sufficient specificity to give fee applicants notice" of the objections. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

**III.   Analysis**

    **A.   Calculating a Reasonable Hourly Rate**

The fee application submitted by Plaintiffs seeks to recover 4.05 hours of work at a rate of $350.00 per hour for their attorney, Brett J. Prendergast ("Prendergast"). R. Doc. 21-1, p. 2. Plaintiffs attached the affidavit of Prendergast in support of their motion which details his education and legal experience. R. Doc. 21-2. Prendergast states that he graduated from the Louisiana State University Law Center in 1986 and is a good standing member of the Louisiana

---

[1] The twelve *Johnson* factors are (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  *See Johnson*, 488 F.2d at 717-719.

State Bar Association. R. Doc. 21-2, p. 1. He states that he is also admitted to the bars of the United States Supreme Court, the Fifth Circuit Court of Appeals, and the United States District Courts for the Eastern, Middle and Western Districts of Louisiana. *Id.* Prendergast states that he was employed by the New Orleans City Attorney's Office from February 1987 through February 1993, at which time he went into private practice. *Id.* During his tenure at the City Attorney's Office, Prendergast served as Chief of Civil Litigation from 1991 to 1993. *Id.* He also supervised the Police Litigation Division of the City Attorney's Office from 1989 to 1993. *Id.* Throughout his time at the City Attorney's Office, Prendergast focused on civil rights cases. *Id.* at 2.

Prendergast states that he has continued to focus on civil rights litigation since entering into private practice and represents plaintiffs against police officers and sheriff's deputies for constitutional violations. *Id.* He states that he has also represented New Orleans Police Department members against the City of New Orleans for claims of violations of the officer's civil rights. Prendergast states that many clients have informed him that other lawyers have been unwilling to take cases against governmental entities. *Id.*

Prendergast further states that he has spoken at multiple continuing legal education seminars. *Id.* He states that he has argued before the United States Supreme Court in a Title VII case. *Id.* at 3.

Finally, Prendergast states that as a plaintiff's attorney, he is most frequently employed on a contingency fee basis but in federal plaintiff's matters, where he anticipates fee recovery, he bills at a rate of $350 per hour. *Id.*

In its opposition, the City of New Orleans delves into the merits of the underlying motion to compel. R. Doc. 22, p. 3. However, the City of New Orleans had the opportunity to oppose the motion and failed to do so. As such, the motion was granted and this argument is futile. The City

of New Orleans further argues that the hourly rate requested by Plaintiffs' counsel, $350, is excessive because of the "routine" work involved in filing the motion to compel and lack of "complex legal issues." *Id.* at 4.

Attorney's fees must be calculated at the "prevailing market rates in the relevant community for similar services by attorneys of reasonably comparable skills, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 (1984); *Powell v. C.I.R.*, 891 F.2d 1167, 1173 (5th Cir. 1990). The applicant bears the burden of producing satisfactory evidence that the requested rate is aligned with prevailing market rates. *See Southern U.S. Trade Ass'n v. Guddh*, No. 10-1669, 2013 WL 1789515 at *2 (E.D. La. Apr. 26, 2013) (citing *NAACP v. City of Evergreen,* 812 F.2d 1332, 1338 (11th Cir. 1987)). Satisfactory evidence of the reasonableness of the rate necessarily includes an affidavit of the attorney performing the work and information of rates actually billed and paid in similar lawsuits. *Blum*, 465 U.S. at 896 n.11.

After examining the prevailing market rates for legal services in the Eastern District of Louisiana, the Court finds that a rate of $350 per hour is reasonable for Prendergast's work, who has been a practicing attorney for twenty-nine years and the sole counsel for Plaintiffs in the instant lawsuit. *See Receivables Exchange, LLC v. Advance Technology Services, Inc.*, No. 14-668, 2015 WL 2372434 at *5 (E.D. La. May 18, 2015) (holding that $340 per hour is a reasonable rate for an attorney with twenty-three years of experience); *DirecTV, LLC v. Ertem*, No. 13-487, 2015 WL 459398 at *3 (E.D. La. Feb. 3, 2015) (holding that $350 per hour is a reasonable rate for a partner with twenty-five years of experience); *Cacho v. Gusman*, No. 11-225-SS, 2014 WL 4854737 at *6 (E.D. La. Sept. 29, 2014) (holding that $350 is a reasonable rate for a civil rights attorney with comparable experience to that of Prendergast); *Enhanced Louisiana Capital v. Brent Homes*, No. 12-2409, 2013 WL 5428687 at *1 (E.D. La. Sept. 26,

2013) (holding that $350 per hour was a reasonable rate for the lead attorney on the case); *Gulf Coast Facilities Management, LLC v. BG LNG Services, LLC*, No. 09-3822, 2010 WL 2773208 at *5 (E.D. La. July 13, 2010) (holding that $300 per hour is a reasonable rate for an attorney with seventeen years of experience); *New Orleans Secular Humanist Ass'n, Inc. v. Bridges*, No. 04-3165, 2006 WL 2795462 at *2 (E.D. La. Sept. 26, 2006) (holding that $350 per hour was a reasonable rate for the senior attorney on the case); *In re Educational Testing Service Praxis Principles of Learning and Teaching: Grades 7-12 Litigation*, No. 1643, 447 F. Supp. 2d 612, 633 (E.D. La. 2006) (discussing the prevailing hourly rate for partner-level attorneys in the district as $350 per hour).

### B.     Determining the Reasonable Hours Expended

Plaintiffs submit a copy of Prendergast's billing entries for the Motion to Compel and Motion to Fix Attorney's Fees. R. Doc. 21-3. The billing invoice submitted lists eleven entries all billed by Prendergast himself: 1) 4/27/2015 – Email to Elizabeth Robins (.10 hours); 2) 4/30/2015 – Telephone call to Elizabeth Robins (.10 hours); 3) 4/30/2015 – Telephone call from Elizabeth Robins (.10 hours); 4) 4/30/2015 – Review email from Elizabeth Robins (.10 hours); 5) 5/5/2015 – Review email from Elizabeth Robins (.10 hours); 6) 5/6/2015 – Email to Elizabeth Robins (.10 hours); 7) 5/13/2015 – Telephone call to Elizabeth Robins (.10 hours); 8) 5/19/2015 – Draft and file Motion to Compel (1.00 hours); 9) 6/4/2015 – Review Order granting Motion to Compel (.10 hours); 10) 6/12/2015 – Research cases (1.25 hours); 11) 6/16/2015 – Draft and file Motion to Fix Attorney's Fees (1.00 hours). R. Doc. 21-3, p. 1. The eleven entries total 4.05 hours.

The City of New Orleans does not oppose the number of hours claimed by Prendergast. Moreover, as stated above, the City of New Orleans' argument focuses on the merits of the

underlying motion to compel, as opposed to the instant motion to fix attorney's fees, which has already been granted, and is therefore futile.

The party seeking attorney's fees bears the burden of establishing the reasonableness of the fees by submitting adequate documentation and time records of the hours reasonably expended and proving the exercise of "billing judgment." *Wegner v. Standard Ins. Co.*, 129 F.3d 814, 822 (5th Cir.1997); *Walker v. United States Dep't of Housing & Urban Development*, 99 F.3d 761, 770 (5th Cir.1996).

After considering Prendergast's billing entries and the City of New Orleans' lack of opposition to the specific entries, the Court finds that 4.05 hours is a reasonable amount of time to spend on the type of work subject to filing the motion to compel and the motion to fix attorney's fees. *See Daggs v. Lexington Ins. Co.*, No. 07-7991, 2009 WL 5171392 at *2 (E.D. La. Dec. 17, 2009) (holding that 1.2 hours to prepare a motion to fix attorney's fees and 1.2 hours to prepare a motion for sanction is reasonable); *Creecy v. Metropolitan Property and Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) (holding that 1.5 hours to draft a motion to compel, .40 hours conferring with opposing counsel, .10 hours corresponding about the motion to compel, .10 reviewing correspondence about the motion to compel, and .10 hours review a motion to compel are all reasonable); *Teles v. Liberty Mut. Fire Ins. Co.*, No. 06-11250, 2008 WL 425534 at * (E.D. La. Feb. 12, 2008) (holding that 1.5 hours to prepare a motion to compel for one attorney and 2.0 hours to prepare a motion to compel for another attorney, including communication regarding late discovery, drafting, revising, and filing, was reasonable).

### C.     Adjusting the Lodestar

After the lodestar is determined, the Court may then adjust the lodestar upward or downward depending on the twelve factors set forth in *Johnson,* 488 F.2d at 717-19.  To the

extent that any *Johnson* factors are subsumed in the lodestar, they should not be reconsidered when determining whether an adjustment to the lodestar is required. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). The Court has evaluated the *Johnson* factors and finds no adjustment of the lodestar is warranted. Accordingly, Prendergast is entitled to attorney fees of $1,417.50

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Plaintiffs' **Motion to Fix Attorney's Fees (R. Doc. 21)** is **GRANTED**. The Court finds that a total amount of **$1,417.50** in fees is reasonable in the matter here.

**IT IS FURTHER ORDERED** that the City of New Orleans shall satisfy its obligation to Prendergast no later than **twenty (20) days** from the issuance of this Order.

New Orleans, Louisiana, this 30th day of July 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**