UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRUCE ADAMS, ET AL.**                                   **CIVIL ACTION**

**VERSUS**                                                       **NO:     13-6779 c/w 14-1367**

**THE CITY OF NEW ORLEANS**                     **SECTION: "F" (4)**

**ORDER**

Before the Court is a **Motion to Compel** (**R. Doc. 24**) filed by the Defendant, the City of New Orleans. The Defendant seeks attorney fees and a court order compelling the Plaintiffs[1]—seven (7) ranking police officers for the New Orleans Police Department—to provide the mathematic formula used to reach the computation of damages in the Plaintiffs' initial disclosures. The Motion is opposed. *See* R. Doc. 33.[2] The Motion was heard for oral argument on Wednesday, August 5, 2015.

The Plaintiffs in this action seek past and future lost wages under the Age Discrimination and Employment Act, 29 U.S.C. § 621 *et seq*, for the Defendant's failure to promote the Plaintiffs to the position of Police Commander. In the instant Motion, the Defendant contends that the Plaintiffs' initial disclosure of damages was incomplete because the Plaintiffs' damages were unsupported by supporting documentation. *See* R. Doc. 24-1, p. 5.

The Plaintiffs initially produced initial disclosures on December 16, 2014, at which time they explained that their damage calculation will depend upon the records in the possession of the Defendant that had not yet been produced. On March 23, 2015, the Plaintiffs sent a formal Request for Production of Documents requesting wage documents, which later became the subject of a Motion to Compel (R. Doc. 18). On June 4, 2015, the Court granted the Plaintiffs'

---

[1] The Plaintiffs include: Bruce Adams, Raymond Burkart, Jr., William Ceravolo, Michael Glasser, Bruce Little, Frederick Morton and Heather Kouts.

[2] The Court notes that the Plaintiffs untimely filed their opposition to the instant motion. Their opposition was filed on August 3, 2015, but was due on July 28, 2015 according to Local Rule 7.5, which requires oppositions to be filed no later than eight (8) days before the noticed submission date. The Plaintiffs failed to seek leave of leave of court and the Court warns counsel that failure to seek leave of court shall not be permitted in the future.

Motion to Compel as unopposed. *See* R. Doc. 20. Pursuant to the Court's June 4, 2015 Order, the Defendant subsequently made a production to the Plaintiffs and the Plaintiffs supplemented their initial disclosures on July 2, 2015, which included their damages.

The Defendant never sought any depositions, requests for production of documents, or interrogatories. Nonetheless, the Defendant now contends that the initial disclosures are incomplete because the Plaintiffs' initial disclosures did not include damage categories, valuations, computations, or supporting documents.

Pursuant to Federal Rule of Civil Procedure ("Rule") 26(a)(1), except in certain proceedings that are exempt from initial disclosure, a party must, without awaiting a discovery request, provide to the other parties: (1) contact information for each individual likely to have discoverable information; (2) a copy or description of all documents, ESI, and tangible things that are relevant to a claim or defense; (3) a computation of each category of damages claimed by the disclosing party; and (4) any insurance agreement under which an insurance business may be liable to satisfying all or part of a possible judgment. *See* Fed. R. Civ. P. 26(a)(1)(A)(i)-(iv). "A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order." Fed. R. Civ. P. 26(a)(1)(C).

Pursuant to Rule 37, if a party "fails to make a disclosure required by Rule 26(a), any other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(3)(A). If the motion to compel is successful, the Court must require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both, to pay the movant's reasonable expenses, including attorney's fees, unless the conduct was substantially justified or other circumstances make an award of expenses unjust. *Merritt v. Int 'l Brotherhood of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. 1981); Fed. R. Civ. P. 37(a)(5)(A).

Here, it is clear that the Plaintiffs have provided the Defendant with a damage figure for each of the Plaintiffs' alleged lost wages. Under Rule 26(a)(1)(A)(iii), the Plaintiffs are only required to disclose a computation of each damage category and to *make available* for inspection and copying under Rule 34 any evidence supporting the computation. However, the Defendant never made a request for inspection or copying under Rule 34, nor did the Defendant seek any other form of discovery under the Rules. Under Rule 26(a), the Plaintiffs were not required to produce the information presently sought by the Defendant. Rather, the Defendant is required to use the discovery tools under the Rules to obtain whatever information it believes is necessary to its defense.

Furthermore, and perhaps most importantly, the information and documentation the Defendants seeks has always been in its possession until its late production of the documents in June, some six months after the initial disclosures were made. The Defendant is the employer of the Plaintiffs, and it is in the best position to obtain its own wage records and supporting documentation. The Defendant's request for this information demonstrates a lack of diligence on the part of the Defendant, and an inappropriate usage of Rule 37.

As for the Defendant's request for attorney fees under Rule 37, the Court finds that it is denied as it is not well founded. Accordingly,

**IT IS ORDERED** that Defendant's **Motion to Compel (R. Doc. 24)** is **DENIED.**

**IT IS FURTHER ORDERED** that Defendant's request for attorney fees is **DENIED.**

New Orleans, Louisiana, this 11th day of August 2015.

**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**